MAXWELL E. LOPIN, as Receiver of the Property of ANTON MILLER, Appellant, *v.* HEWES HOLDING CORPORATION, Defendant, and HERMINE FRANK, Impleaded Defendant, Respondent.

First Department, March 13, 1936.

*Joseph Lotterman* of counsel [*Milton M. Farber*, attorney], for the appellant.

*Henry M. Flateau* of counsel [*Gustav Nadel* with him on the brief], for the respondent.

PER CURIAM. We are of opinion that the result reached by the trial court should be sustained, though not on the grounds indicated by the court.

Hermine Frank, the impleaded defendant, was the *bona fide* owner of the first mortgage on the Brooklyn property referred to as the Lucks mortgage. She assigned that mortgage to the Hewes Holding Corporation for the moneys advanced by that company in the transaction of March 6, 1931, and for such advancement she also subordinated, to the assignment of the award on the First street property, her second mortgage on that property. By reason of that subordination, the Hewes Holding Corporation was repaid in full, from the proceeds of the award, the moneys it had advanced. The judgment debtor's interest formed no part of such repayment, as the award was insufficient to meet the prior liens, and Miller, the judgment debtor, consequently, had no equity therein. In that state of facts, the impleaded defendant and not the judgment debtor was entitled to the Lucks mortgage, which concededly had been her own property.

The judgment appealed from should be affirmed, with costs to the impleaded defendant-respondent against the plaintiff-appellant.

UNTERMYER, DORE and COHN, JJ., concur; MARTIN, P. J., and O'MALLEY, J., dissent and vote for reversal.

MARTIN, P. J. (dissenting). The plaintiff, as receiver in supplementary proceedings of the property of Anton Miller, judgment debtor, brought this action for a decree directing the assignment to him of a first mortgage for $13,000 executed by Sam Lucks and Jenny Lucks covering property 1760–1764 Sixty-first street, Brooklyn, N. Y.

Hermine Frank, the daughter of Anton Miller, was the owner of the mortgage in question. It was sought to have the defendant Hewes Holding Corporation purchase the mortgage. That corporation, considering the mortgage unsound, refused to purchase. It was then proposed that further collateral security be given. Miller was the owner of property 85–87 First street, Manhattan, which had been condemned for subway purposes by the city of New York. He represented that there was a first mortgage only on the property and in order to secure payment of the Lucks' $13,000 first mortgage he offered to assign the award in condemnation to the extent of $13,000. This proposition was accepted and the parties signed a written memorandum which contained the following provision: " The said Anton Miller, former owner of the fee to premises known as 85–87 First Street, Manhattan, N. Y. C., now under condemnation by the City of New York, and the sole owner of the award to said premises about to be made, subject to a first prior mortgage of Thirty thousand Dollars, in order to secure the said Hewes Holding Corporation, agrees to execute and deliver

to said corporation a partial assignment of the award made or about to be made in a sum of Thirteen thousand Dollars, with interest, to contain a clause that if said award is paid within 2 (two) years, then Five hundred Dollars is to be allowed to said Anton Miller, otherwise that *upon the payment of said partial award, the said corporation or assigns is to re-assign and transfer back said bond and mortgage to said Anton Miller, after first retaining the amount due thereon.*" (Italics ours.)

A title search of the First street property disclosed that, in addition to the first mortgage of $30,000, there was unsatisfied of record a consolidated second mortgage for $20,000 held by Hermine Frank. No mention of this mortgage had been made in the negotiations with the defendant Hewes Holding Corporation looking to the sale of the Lucks mortgage. When the existence of the second mortgage was discovered by the attorney for the Hewes Holding Corporation, Miller and Mrs. Frank assured him this second mortgage was no obstruction, that Mrs. Frank would sign anything and Miller would do anything needed. When a satisfaction was proposed they stated they wanted to keep the mortgage alive. To carry out the agreement covering the sale of the Lucks mortgage, Hermine Frank subordinated her $20,000 second mortgage to the assignment of the award to Hewes Holding Corporation. That corporation also purchased a senior participation interest in the $20,000 second mortgage on the First street property held by Mrs. Frank. The day following the closing of these transactions Anton Miller transferred to his daughter, Hermine Frank, all his right, title and interest in and to the Lucks mortgage. The award on the First street property was eventually paid and Hewes Holding Corporation received the amount due it. The plaintiff now claims the Lucks mortgage by reason of the provision of the agreement above quoted, under which it was to be assigned and transferred to Anton Miller. It is maintained that the purported transfer to Mrs. Frank of Miller's rights under the mortgage as above quoted was void, without consideration and in fraud of creditors. Mrs. Frank takes the position that Miller never owned the Lucks mortgage nor any interest therein; that the transaction with the Hewes Holding Corporation, as consummated, was a loan to Miller secured by collateral.

The testimony of the president of Hewes Holding Corporation, as well as that of its counsel, is that the corporation purchased the Lucks mortgage as secured by additional collateral, *i. e.,* the assignment of the award. The record shows that the check covering the Lucks mortgage transaction was delivered to Mrs. Frank and deposited to her credit in her bank account. The proof establishes

that the transaction was a sale of the Lucks mortgage and under the terms, of the agreement with the Hewes Holding Corporation the latter could either retain the mortgage and release the award when available or take the award and assign the mortgage, as agreed, to Miller. Hewes Holding Corporation made its choice and the mortgage properly belonged to Miller.

Miller at the time he transferred his right to an assignment of the mortgage to his daughter was beyond doubt insolvent. No consideration supported this transfer. The testimony with reference to the exchange of $100 in cash is incredible.

It is urged that through the subordination of the second mortgage on the First street, Manhattan, property the Hewes Holding Corporation was enabled to collect in full from the proceeds of the award the moneys it had advanced, that otherwise Mrs. Frank would have been able to collect the amount of her second mortgage out of the award. The evasive and contradictory testimony of Miller and Mrs. Frank and their ready repudiation of testimony given on prior occasions leaves no choice on the issue of their credibility. We have a serious doubt that the second mortgage was in fact *bona fide*. The purchase of a senior participation interest in that mortgage by the Hewes Holding Corporation may be regarded as a purchase of a further part of the award.

The record establishes that Mrs. Frank sold the Lucks mortgage to Hewes Holding Corporation for value, Miller acquired it through the assignment of the award and transferred it to his daughter without consideration and in fraud of creditors.

The judgment appealed from should be reversed and judgment rendered in favor of plaintiff for the relief requested.

O'MALLEY, J., concurs.

Judgment affirmed, with costs.